| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

KELLY TIRAS, §
STEDMAN WILKINS, §
DAWNA VALENTINE, §
STEPHON VALENTINE, §
ET AL §
Plaintiffs, § CIVIL ACTION NO. 3:14-cv-00180
 §
VS. §
 §
BSR TRUST, LLC §
CITY OF TEXAS CITY, §
ET AL §
Defendants.

## AMENDED PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLATORY JUDGMENT AND A RESTRAINING ORDER

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Plaintiffs, Kelly Tiras and two minors, Stedman Wilkins, Dawna Valentine and one minor, Stephon Valentine, hereinafter referred to as "Plaintiffs" and file this Amended Complaint pursuant Federal Rule Civil Procedure 15(1),(a) against Defendants, BSR Trust, LLC, the owners of Windsor Estate I, LLC or Windsor Estates II, LLC, City of Texas City, the proper Parties and relevant to this lawsuit, hereinafter referred to as "Defendants" and would respectfully show the Court as follows:

1. Statute of Limitation for Breach of Contract is four (4) years (See Mays v. Pierce, 203 S.W.3d 564, 575 (Tex. App. - Houston [14th Dist.] 2006, relevant to BSR Trust, LLC. Statute of Limitation for fraud actions is also four (4) years (See Seureau v Exxon Mobil Corp (Tex-App-Houston [14th Dist.] Oct 16, 2008, relevant to the City of Texas City who

1

has sworn in both agents, Texas City police officers Corporal Allen Bjerke and Tyrone Rhone to represent Texas City Police Department. There are so many fraud statements written in the police report by Corporal A. Bjerke, so I will bring forth issues during the trial and indicate others as follows:

a). "Berry stated he did make contact with the parents of the two children at the pool and their mother had their wristbands and allowed Berry to put the bands on them."

b). Corporal Bjerke stated in the pool area Stedman was under arrest for Failure to ID, yet the police report indicates the arrest was for Interference with Public Duties along with another false charge, all three were fraudulent charges..

c). Corporal Bjerke indicates "Stedman said, "I aint telling you shit" when he asked for his name and he was aggressive, clinching his fists".

d). "Stephon was aggressive and cursing"

e). Incident report time reflects a time of 19:09, page 2 reflects the time 20:23

f) Issuing a warrant for Kelly under the false pretense as an unidentified female for Interference with Public Duties.

g). Cpl Allen Bjerke indicates in the report Kelly held one infant, but she held two babies as he pointed his taser gun at all three of them.

## I.

## INTRODUCTION

2. There were two families were swimming in a the pool located by the leasing office of Windsor Estates I, LLC or Windsor Estates II, LLC, apartment complex owned by BSR Trust, LLC, with only one of the two families being harassed by Mike Berry, a courtesy

2

officer at this complex. Mike Berry was unprofessional by using words such as: "get out of the pool you slow mother fucker" and saying "you don't belong here." However, when we pointed out to Mike Berry about the other family in the pool being allowed to swim without wearing pool bands, he informed us he issued pool bands to the other family; an untrue statement. The most egregious issues are:

(a). Mike Berry, the Courtesy Officer's bias motivation, deception escalated havoc toward my family when he called Texas City Police, which could have easily lead to a fatality involving Kelly, a former resident, who was holding two infants when one the officer's pulled out his taser gun and pointed it directly at her.

(b). management of this complex breach of contract with neglect to issue Kelly pool bands, Hunt's fabrication in stating a trespass warning was issued prior to this incident.

(c). excessive force, misconduct by Cpl A. Bjerke, Cpl T. Rhone; malicious prosecution and fabrication of evidence with false statements in both reports by Cpl A. Bjerke.

## II.

## FACTS

3. After my unsuccessful attempts on 2/28/13, 3/1/13, with Sergeant Pope and TCPD Chief of Police, Robert Burby to resolve and recall the warrant issued under a false claim against Kelly by A. Bjerke; I wrote a complaint to a superior authority. It was affirmation on March 18, 2013, and I became more aware of our injuries after I received a phone call advising me that my complaint was forward to the FBI. See Wong v. Beebe, 10-36136,732,F.3d 1030(9th Cir 2013), Gallardo v. United States, 12-55255, 2014 U.S. App. Lexis 6964(9thCir).

4. May 30, 2012, two police officers, A. Bjerke, T. Rhone, arrived to the pool area by the leasing office. We were informed that when management arrive anyone not wearing a pool band must get out of the pool. This statement made by Texas City Police officer did not set well with Mike Berry, so he created havoc by telling the police officers that my son, Stephon threatened and cursed him, an untrue statement. The officers became belligerent and started yelling at us. These two police officers no longer allowed my three sons to swim in the pool even though we were initially told we could continue swimming until management of the complex arrived. My three sons were forced out of the pool.

5. My daughter, Kelly a former resident called her brothers by name and instructed them to sit by me, their mother once they exit the pool in order to avoid being harmed. My minor son and my eldest son managed to get out of the pool. However, when my son, Stephon tried getting out of the pool the A. Bjerke, T. Rhone and Mike Berry stood in front of the pool steps to prevent Stephon from getting out of the pool.

6. This is when Mike Berry said, "Get out of the pool you slow mother fucker." Stephon managed to get out of the pool, but only by exiting the opposite side of the pool area that wasn't blocked by these three hostile men. Stephon sat down by me and his other siblings in a chair located at a table in the pool area. This is when two police officers' bum-rush Stephon and stood directly in front of him yelling; trying to intimidate him. I immediately stood in front of my son and the two officers, A. Bjerke, T. Rhone to protect my son in the event these officers decided to shoot my son.

7. By taking these measures, I would be the person to get shot. These two officers that are supposed to protect and serve were just overwhelmed with rage. My daughter, a resident at the time of this incident, also asked these police officers to leave her brother alone and

this is when one of the police officer's grabbed my daughter while she held two infants. This too, wasn't a pleasant moment for me seeing these police officers yelling, grabbing my daughter while she was holding two infants, my grandchildren in her arms. These police officers threatened to arrest my daughter if she did not leave the pool area. To make matters worse, one of the police officers A. Bjerke pulled out his taser gun and pointed it directly at my daughter while she held her two infants.

8. I immediately intervened by standing between A. Bjerke, the police officer, my daughter and grandchildren to protect my family from the high voltage of the taser gun. Kelly was forced to leave her guest and family members at the pool area in order to prevent these police officers from arresting her.

9. As a result of Mike Berry's havoc, it resulted in the police officers zeal to create fabrication of evidence with four false charges. Whereas, none of us were Trespassing since pool bands were never issued to Kelly prior to the incident. Yet, trespass warnings were still given to me, Stephon and my minor son on 5/30/12, but not to anyone else in my family prior to this date. Kelly's brother Stedman, a full-time engineering student in Florida stayed a few days with her during his visit here. Genesis Hunt, the Manager of Windsor Estates I, LLC or Windsor Estates II, LLC, owned by BSR Trust. LLC admitted to Kelly that she has seen Stedman on several occasions working out in the weight room. Genesis told Kelly it was perfectly fine for Stedman to stay with her for a period of five days. Genesis knew Stedman, so how could he or any of Kelly's family be trespassing. It clearly isn't trespassing and we should not have been held accountable especially since the pool bands were not issued to Kelly when she initially moved into this apartment

5

complex; a breach of duty by defendant (See Bridgmon v Array Syscorp 325, F3d 572(5thCir2003).

10. On this same day, May 30, 2012, I also had an opportunity to ask Genesis Marie Hunt if the Courtesy Officer, Mike Berry could issue pool bands.

11. Genesis response was "no, only management can issue pool bands." This clearly means when Mike Berry, the courtesy officer informed us he issued the other family, a Caucasian family, pool bands; he made another false statement.

12. In the police report by A. Bjerke, it states the mother allowed Mike Berry to place pool bands on her children. Fabrication of evidence under Title 18, U. S.C. § 242. Although, this statement is a discrepancy in what Berry, the courtesy officer told us while in the pool area; this too is a fabricated statement.

13. Whereas, none of us did not <u>Interference with Public Duties</u>, or use profanity as indicated in the police report. As a citizen, mother, and grandmother, I had to protect my family and found it necessary to prevent them from possibly being killed by use of a taser gun or being shot by these hostile police officers.

14. Whereas, <u>Failure to Identify</u> was not applicable since the officer knew Stedman's name. Besides, no one takes a driver's license to a pool area; I did not have my driver's license with me either. The officers could have easily allowed my Kelly to go to the apartment to get Stedman's license, but these officers had a bias motive.

15. The status on all four charges are as follows: Stedman's case of Interference with Public Duties – Decline to prosecute; Trespassing – Dismissed; Failure to ID – Dismissed, Kelly's case on Interference with Public Duties – Dismissed by Galveston County DA

6

after I sent correspondence showing to further pursue this false allegation would be a form of Official Oppression.

16. These officers also referenced my son's ethnicity by using the letter **"N"** in the report. ~~See Exhibit 1, page 3.~~

17. Now, when the police officer asked Stedman to stand up because he was under arrest for failure to ID, we were still sitting in the pool area in chairs by tables. Stedman cooperated with this officer by standing up, yet the handcuffs were placed tightly around his wrist by A. Bjerke. Additionally, nor did Stedman use profanity as indicated in the fabricated police reports by A. Bjerke.

18. Stedman was forced to sit in a cold police car wearing wet trunks after swimming and without a shirt; then he was taken to a very cold building; which was cruel and inhuman treatment and violation of the U. S. Constitution Eight Amendment.

19. Texas City Police Department Incident Report and the actual report contain fabrication of evidence made by A.Bjerke, conspiring officers in their quest to create crimes.

20. As a result of said occurrences, Plaintiffs are requesting damages in a sum far in excess of the minimum jurisdiction limits of this Honorable Court, in which we now sue.

a. Punitive damages

b. Defamation of character

c. Assault to Kelly when she was grabbed by a police officer, excessive force and attempted bodily harm to Kelly her two children with a taser gun.

d. Excessive force by two police officers who bum-rush Stephon.

e. Another minor being forced into a chair in the pool area and threaten to be arrested.

f. Injury to Stedman's wrist as a result of the officer's rage

g. Emotional distress.

h. Wrongful arrest.

### III.

### JURISDICTION AND VENUE

21. Venue is proper pursuant to Federal Rules Civil Procedure Declaratory Judgment Act, 28 U.S.C. §§2201-2202, Civil Practice & Remedies Code § 16.004 (a) (4), Federal Rule of Civ. Procedure 20 (a), FRCP 15(1)(a), Title 18 USC, Section 249, (1), Title 18, U.S.C. Section 242, Color of Law Abuses, U. S, Constitution Fourteenth Amendment, U. S. Constitution Eighth Amendment.

### IV.

### DISCOVERY LEVEL

22. Federal Rule of Civil Procedure, Rule 26 and Common law.

### VI.

### PARTIES

23. Plaintiff (s) Kelly Tiras, Dawna Valentine, and three minors are residents of Texas.

24. Plaintiff, Stedman Wilkins is a resident of Florida.

25. Plaintiff, Stephon Valentine is a resident of California.

26. Defendant, BSR Trust, LLC principal place of business is in Arkansas. BSR Trust, LLC address is 1400 W. Markham Street, Suite 202, Little Rock, AR 72201 and will be served via fax 501-374-3383, by 5:00 p.m. recipient's time.

27. City of Texas City principal place of business is in Texas. City of Texas City address is 1801 9th Avenue N, Texas City, Texas 77590, shall be served via fax 409-643-5917, Attn: Ronald F. Plackemeier by 5:00 p.m. recipients' time.

## VI.

## JURY TRIAL

28. Plaintiffs hereby demand a jury trial on all claims.

## VII.

## PRAYER FOR RELIEF

Plaintiffs shall issue and serve this citation upon Defendants in a form and manner prescribed by law, requiring that the Defendants, it's agents, employees to appear and answer, and that upon a final hearing, Plaintiffs prays to have a declaratory judgment against Defendants, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all Court cost, punitive damages, and all such other relief, to which Plaintiffs are justly entitled. Plaintiffs further pray this Court will see the malicious prosecution, neglect, false statements, misconduct, excessive force, violation of our civil rights, U. S. Fourteenth Amendment, and racially bias treatment by Defendants.

Dated this 21st day of July, 2014

Respectfully Submitted,

_____
Dawna M. Valentine
Pro Se
9214 Amberjack Drive
Texas City, Texas 77591
409-276-5801

_____
Dawna M. Valentine/on behalf of one minor

_____
Kelly Tiras
Pro Se

_____
Kelly Tiras/on behalf of two minors

_____
Stedman Wilkins
Pro Se

```
                    TRANSMISSION VERIFICATION REPORT

                                              TIME   : 07/28/2014 03:26PM
                                              NAME   : WORKFORCE SOLUTIONS
                                              FAX    : 409-949-9044
                                              TEL    : 409-949-9055
                                              SER.#  : U63088J2N251307


    DATE,TIME                        07/28  03:24PM
    FAX NO./NAME                     4096435917
    DURATION                         00:01:51
    PAGE(S)                          11
    RESULT                           OK
    MODE                             STANDARD
                                     ECM
```

Civil Action No: 3:14-cv-180
Amended complaint dated 7/21/14,
to City of Texas City

*Lauren M. Valenti* (signature)