United States District Court
Southern District of Texas
**ENTERED**
October 27, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KELLY TIRAS, DAWNA VALENTINE, ET AL. | § § § | |
| V. | § § | CIVIL ACTION NO. G-14-180 |
| BAILEY PROPERTIES, LLC., ET AL. | § § | |

## OPINION AND ORDER

Before the Court is the "Defendants City of Texas City, Allen Bjerke and Terrell Rhone's Second Motion to Dismiss" ("City Defendants"). The Motion seeks the dismissal of all claims asserted against these Defendants by Pro Se Plaintiffs Kelly Tiras, individually and on behalf of two minors, K.T. and R.T.; Stedman Wilkins; Dawna Valentine, individually and on half of one minor, K.V; and Stephon Valentine as barred by limitations. Also before the Court is the Second Motion to Dismiss of Defendants Bailey Properties, LLC, Windsor Estates I, LLC, Windsor Estates II, LLC, Genesis Marie Hunt and BSR Trust, LLC ("Corporate Defendants"); these Defendants argue that the alleged damages sought by Plaintiffs under their breach of contract claim are not recoverable. Having considered the Parties' submissions, the Court now issues this Opinion and Order.

Only a skeletal rendition of the relevant facts is required to address these Motions. On May 30, 2012, the on-site security officer at the Windsor Estate Apartments in Texas City, falsely reported that the Plaintiffs were trespassing in the swimming pool area of the complex. Defendants Bjerke and Rhone, both Texas City Police Officers, responded to the

call.  Upon arrival they accepted Berry's allegations as true and became aggressive toward the Plaintiffs.  They yelled at them, threatened them and falsely arrested and physically harmed Plaintiff Wilkins.

On May 29, 2014, Plaintiffs, acting *pro se*, filed suit against Bailey Properties as owner of the Windsor Estates; Genesis Marie Hunt, the manager of the complex; and Mike Berry, the on-site security guard.  On June 26, 2014, Plaintiffs filed an Amended Complaint adding the Texas City Police Department as a Defendant; however, in a Hearing on June 25, 2014, the Court informed Plaintiffs that the Texas City Police Department lacked jural existence.  See Darby v. Pasadena Police Department, 939 F.2d 311, 314 (5th Cir. 1991).  As a result, on July 28, 2014, Plaintiffs filed another Amended Complaint adding the City of Texas City and dropping the police department.  Finally, on December 9, 2014, following another instructive Hearing, Plaintiffs filed another Amended Complaint adding Officers Bjerke and Rhone.

The City, Bjerke and Rhone now seek to have the Plaintiffs' Complaint dismissed.  These Defendants argue that the Complaint is time-barred by the applicable statutes of limitations.  All of the Plaintiffs' potentially cognizable claims against these Defendants are governed by a one or two year statute of limitations.[1]  Consequently, the longest applicable

---

[1] In reaction to their limitations predicament, Plaintiffs have alleged claims for fraud and breach of contract, but these claims are without foundation.  Even assuming the officers' incident reports contained false statements, there is no evidence that these Defendants intended the Plaintiffs to act or rely upon those statements to their detriment.  And there is absolutely no contract that exists between these Defendants and any of the Plaintiffs.  In the absence of those legally required evidentiary elements the claims fail.

limitations period expired on May 30, 2014. At best, the City was on notice of Plaintiffs' complaint on or around June 26, 2014, when its police department was sued. Darby, 939 F.2d at 315. The proper relevant date, however, is most likely July 28, 2014. As for the two officers they were not joined until December 9, 2014.[2]

The filing of a complaint does not prevent the statute of limitations from running against potential but omitted parties and the subsequent addition of those parties in an amended complaint will not revive claims then barred by the applicable limitations periods. Koch Oil Co. v. Wilber, 895 S.W. 2d 854, 863 (Tex. App. -- Beaumont 1995, writ denied.) Citing, Kirkpatrick v. Harris, 716 S.W. 2d 124 (Tex. App. -- Dallas 1986, no writ) and Leeds v. Cooley, 702 S.W. 2d 213 (Tex. App. -- Houston [1st Dist.] 1985, writ ref'd n.r.e.). None of these Defendants had any notice of Plaintiffs' claims against them before May 30, 2014; consequently, the Plaintiffs' claims are time-barred.

The Court sees no need to address the remainder of the City Defendant's arguments.

It is, therefore, **ORDERED** that the Second Motion to Dismiss (Instrument no. 110) of Defendants City of Texas City, Allen Bjerke and Terrell Rhone is **GRANTED** and all claims asserted by Plaintiffs against these Defendants are **DISMISSED, with prejudice, as barred by the applicable statutes of limitation**.

---

[2] Plaintiffs did notify the Court on November 25, 2014, that the officers were going to be included.

Plaintiffs allege that the Corporate Defendants breached the lease agreement Plaintiff Kelly Tiras had with the Windsor Estates by failing to provide Tiras with the wrist bands required for use of the swimming pool area.  In their pending complaint the Plaintiffs seek compensatory damages for the "unlawful treatment" they suffered as a result of the May 30, 2012, incident and "punitive damages of one percent" of the Corporate Defendants' net worth.  As to these Defendants the only claim asserted against them is for breach of contract; no tort claims have been alleged against them.  Tiras is the only Plaintiff who was a party to the lease agreement, therefore, the other Plaintiffs have no standing to assert a breach of contract claim.  As to Tiras, while consequential damages may be recoverable under a breach of contract claim, Reynolds Metals Co. v. Westinghouse Electric Corp., 758 F.2d 1073, 1079 (5th Cir. 1985), damages for personal injuries are generally not recoverable "because they are too remote to have been within the contemplation of the parties to the contract." Ross v. Haner, 258 S.W. 1036, 1040 (Tex. App. -- 9 Dist. 1924).  The same is true in this case.  See also, Myrtle Springs Reverted Independent School v. Hogan, 705 S.W. 2d 707, 710 (Tex. App. -- 6 Dist. 1985) (No mental anguish damages available for breach of contract) Nor are punitive damages recoverable for breach of contract.  Twin City Fire Insurance Co. v. Davis, 904 S.W. 2d 663, 665 (Tex. 1995).  The alleged harm suffered by Tiras as a result of the police officer's actions cannot support a reasonable inference "that it was the natural, probable and foreseeable consequence" that the alleged harm would occur due to the failure to issue the wrist bands.  Mead v. Johnson Group, Inc., 615 S.W. 2d 685, 687 (Tex. 1981).

The damages sought under the breach of contract claim in this case are simply not available to any Plaintiffs as a matter of law.

It is, therefore, **ORDERED** that the Second Motion to Dismiss (Instrument no.112) of Defendants Bailey Properties, LLC, Windsor Estates I, LLC, Windsor Estates II, LLC, Genesis Marie Hunt and BSR Trust, LLC, is **GRANTED** and the breach of contract claim alleged by the Plaintiffs against these Defendants is **DISMISSED**.

One final matter.  As indicated above the Plaintiffs also sued Michael Berry, the on-site security guard, in their original complaint.  Berry has never been served with process and the 120-day time limit in which to do so has long passed.  See Fed.R.Civ.Proc. 4(m).  Nor have the Plaintiffs even attempted to show good cause for having failed to do so.  Moreover, any claims against Berry would now be barred by the applicable statute of limitations.  See Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1307 (5th Cir. 1985).

Therefore, as mandated by Rule 4(m) the Plaintiffs' complaint against Defendant, Michael Barry, is **DISMISSED without prejudice**.

**DONE** at Galveston, Texas, this ___27th___ day of October, 2015.

_John R. Froeschner_
John R. Froeschner
United States Magistrate Judge